UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| DANIEL BRADLEY DAVIS, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | No. 1:20-CV-98 |
| v. ) | |
| ) | Judge Collier |
| ANDREW LAWRENCE BERKE, in his ) | Magistrate Judge Lee |
| official capacity as Mayor of Chattanooga, ) | |
| and the CITY OF CHATTANOOGA, ) | |
| ) | |
| *Defendants*. ) | |

## MEMORANDUM & ORDER

Before the Court is a motion by Plaintiff, Daniel Bradley Davis, for entry of a temporary restraining order and an emergency hearing. (Doc. 5.)

### I. BACKGROUND

On April 15, 2020, Plaintiff filed a complaint seeking a temporary restraining order against Defendants, Andrew Lawrence Berke, in his official capacity as Mayor of Chattanooga (the "Mayor"), and the City of Chattanooga, to prevent them from enforcing the Mayor's ban on gatherings of ten or more people as it applies to worship services. (Doc. 1.) On the same day, Plaintiff filed a motion for temporary restraining order and an emergency hearing, along with a memorandum in support of the motion. (Docs. 5, 6.) Plaintiff alleges that Executive Order 2020-06, which the Mayor issued on April 2, 2020, contained a ban on public gatherings of ten or more people, which prohibited Plaintiff from attending worship services at Plaintiff's church. Plaintiff also alleges this ban prevented Plaintiff from visiting a drive-in church service Celebration Church Chattanooga ("Celebration Church") advertised for Easter Sunday, April 12, 2020. Plaintiff cites

two Tweets from a five-part message tweeted by the Mayor on April 10, 2020, which collectively stated as follows:

> Our recent executive orders related to the coronavirus strictly prohibit large gatherings of any kind, and this, unfortunately, includes worship services. This Easter Sunday, and every Sunday until the pandemic is behind us, please stay home. We respectfully ask that churches in our area not move forward with "drive-in" worship services or any kind of public assembly. Allowing people to gather, even in their cars with the windows rolled up, will be considered a violation of our directives.

(Doc. 6 at 5 (quoting Andy Berk (@AndyBerke), Twitter (April 10, 2020)) (internal numbering omitted).)

Plaintiff's case was assigned to the undersigned on April 16, 2020. (Doc. 12.)

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 65(b), the Court may issue a temporary restraining order without written or oral notice to the adverse party. Fed. R. Civ. P. 65(b)(1). This may occur, however, only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." *Id.*

In determining whether to grant a temporary restraining order, the Court must also consider (1) the likelihood that the movant will succeed on the merits; (2) whether the movant will suffer irreparable harm if injunctive relief is not granted; (3) the probability that granting relief will cause substantial harm to others; and (4) whether the injunction advances the public interest. *Ne. Ohio Coal. for Homeless & Serv. Employees Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006). "These factors are not prerequisites that must be met, but are interrelated

considerations that must be balanced together." *Id.* (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)).

### III. DISCUSSION

Plaintiff has not satisfied the procedural requirements for the issuance of a temporary restraining order without notice to Defendants. Plaintiff has not filed a verified complaint or an affidavit. *See* Fed. R. Civ. P. 65(b)(1)(A). Without a verified complaint or an affidavit, there is no evidence for the Court to consider, only allegations. Nor has Plaintiff, as the *pro se* movant, certified in writing any efforts he has made to give notice to Defendants and the reasons why notice to Defendants should not be required. *Id.* 65(b)(1)(B). For both of these reasons, the issuance of a temporary restraining order without notice to Defendants is not proper at this time.

In addition to these procedural deficiencies, the Court cannot conclude, based on the allegations Plaintiff has made, that a temporary restraining order would be substantively warranted at this time. The first factor the Court would consider is the likelihood of Plaintiff's success on the merits. *See Ne. Ohio Coal.*, 467 F.3d at 1009. Plaintiff has not alleged sufficient facts from which the Court could conclude that Plaintiff is likely to succeed on the merits. Plaintiff argues there are less restrictive means by which Defendants may achieve their compelling public-health purposes, in that churches can "gather and worship while abiding by the legitimate health and safety interests—namely, abiding by the Centers for Disease Control and Prevention (CDC) and Tennessee Department of Health guidelines for gatherings," (Doc. 5 at 2), but he has not shown the procedures his church or the Celebration Church had in place to comply with these guidelines. He alleges the Celebration Church intended to hold a drive-in service, but he does not explain what it would have entailed, how long it would have lasted, or what would have prevented attendees

3

from exiting their vehicles, among other issues. Plaintiff argues Defendants' ban "is backed by threats of potential civil or criminal penalties, including fines or arrests," (Doc. 6 at 3), but he has not alleged facts regarding any specific threats. Plaintiff argues Defendants are targeting religious gatherings "while permitting similar social interaction[s] to continue unabated in retail and commercial establishments," (Doc. 5 at 1), but he has not alleged sufficient facts from which the Court may draw sound comparisons. In short, Plaintiff's current filings (Docs. 1, 5, 6) fail to provide the Court with sufficient facts from which the Court may conclude that Plaintiff is likely to succeed on the merits of his claim.[1]

Plaintiff has also not alleged facts from which the Court could conclude that Plaintiff will suffer irreparable harm if injunctive relief is not granted. *See Ne. Ohio Coal.*, 467 F.3d at 1009. Plaintiff's current arguments regarding irreparable harm are primarily directed towards the harm of missing in-person or drive-in worship on Easter, (Doc. 1 at 5; Doc. 5 at 3), but his complaint and motion were not filed until April 15, 2020, three days after Easter. Finally, Plaintiff has not alleged sufficient facts from which the Court may assess the probability that granting relief will cause substantial harm to others or whether an injunction would advance the public interest, *See Ne. Ohio Coal.*, 467 F.3d at 1009, as Plaintiff has not, among other matters, alleged facts regarding the procedures his church or the Celebration Church had in place to protect public health interests,

---

[1] Plaintiff also relies on the recent temporary restraining order issued in a neighboring district, *On Fire Christian Center, Inc. v. Fischer*, __ F. Supp. 3d. __, 2020 WL 1820249 (W.D. Ky. Apr. 11, 2020), to show his likelihood of success on the merits. (Doc. 5 at 2–3.) Opinions from district courts are not binding precedent. *Bridgeport Music, Inc. v. Dimension Films*, 410 F.3d 792, 802 n.16 (6th Cir. 2005); *see also Liebisch v. Sec'y of Health & Human Servs.*, 21 F.3d 428, 1994 WL 108957, at *2 (6th Cir. Mar. 30, 1994) (Table) ("District Court opinions have persuasive value only and are not binding as a matter of law."). Without sufficient, specific facts as to the dispute before this Court, the Court cannot determine whether the same result is warranted here as was reached in *On Fire*. In addition, as discussed above, Plaintiff has not satisfied the procedural requirements that allow the issuance of the type of *ex parte* temporary restraining order the *On Fire* court issued.

as discussed further above. Thus, even if Plaintiff had satisfied the procedural requirements for the issuance of an *ex parte* temporary restraining order, the Court would be unable to analyze and balance the relevant factors to determine whether Plaintiff is entitled to a temporary restraining order.

### IV. CONCLUSION

The Court concludes that a hearing on this matter is not necessary based on the filings currently before the Court. For the reasons discussed above, the Court **DENIES** Plaintiff's motion for a temporary restraining order (Doc. 5).

**SO ORDERED.**

**ENTER:**

**/s/**_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**